**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3475
_____

ZEFFIE NETIA SURGICK; CORDELIA JOHNSON


v.


ACQUANETTA CIRELLA; ROSE SURGICK;
K. HOVNANIAN ENTERPRISES, INC.,
C/O ACQUANETTA CIRELLA [IN THE MATTER
OF JAMES LESLIE SURGICK (DECEASED)];
INTERNAL REVENUE SERVICE

Zeffie Surgick,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-03807)
District Judge: Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before: AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed:  January 14, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Zeffie Surgick and Cordelia Johnson, now deceased, brought suit *pro se*

against Acquanetta Cirella, Rose Surgick, K. Hovnanian Enterprises, Inc., and the

Internal Revenue Service ("the Service") in the United States District Court for the District of New Jersey after Surgick unsuccessfully sought information directly from the Service, see 26 U.S.C. § 6103(e). Surgick and Johnson claimed that the defendants denied them access to tax records and other information relating to the estate of their father, James Leslie Surgick, and thereby violated their First Amendment and statutory rights to freedom of information. In addition, they alleged that Cirella and Rose Surgick, in exercising power of attorney over the estate, conspired to defraud them by concealing the value of the estate, in violation of New Jersey law.[1]

In an order filed on June 15, 2010, the District Court granted K. Hovnanian's motion to dismiss and advised Surgick and Johnson to amend their complaint with respect to the Service. K. Hovnanian had argued, and the District Court agreed, that, as a private corporation, it was not subject to the Freedom of Information or Privacy Acts, and it had no legal obligation to the plaintiffs to disclose its tax records.

In August, 2010, Surgick and Johnson filed an amended complaint, alleging that the Service violated the Freedom of Information Act ("FOIA") by withholding information pertaining to James Leslie Surgick and his estate, and his investment interests. In a June 19, 2011 Opinion, the District Court recognized that dismissal of the amended complaint should probably be granted to the extent that the plaintiffs sought disclosure from the Service of K. Hovnanian's tax information, but the court was concerned about FOIA's segregation requirement. Additionally, the District Court recognized that representations made by the Service that its officials had conducted a reasonable investigation for the documents requested; discovered that most of those

---

[1] Zeffie Surgick, Cordelia Johnson, Rose Surgick and Acquanetta Cirella are four of James Leslie Surgick's 12 children.

documents were either destroyed or did not exist; and had provided the documents it did have, should be presented in a motion for summary judgment.

In August, 2011, the Service moved for summary judgment, Fed. R. Civ. Pro. 56(a), arguing that the plaintiffs did not have a valid FOIA claim regarding the tax documents of James Leslie Surgick and his estate, and that it was entitled to summary judgment regarding the request for the tax return information for K. Hovnanian because K. Hovnanian had not consented to disclosure and because its tax records were exempt from disclosure. Cirella and Rose Surgick filed a motion to dismiss the amended complaint for lack of federal subject matter jurisdiction.

In an order entered on March 29, 2012, the District Court granted summary judgment to the Service. After a careful review of the specific information requested and the Service's declarations and exhibits regarding its investigation and actions, and the response in opposition to the motion for summary judgment, the District Court determined that there was no triable issue with respect to whether the Service was improperly withholding information from the plaintiffs. In a thorough opinion, the District Court concluded that the Service provided reasonable and sufficiently detailed declarations of two Disclosure Specialists, and that those declarations established that all files likely to contain responsive materials were searched. Officials had followed up on the results of the searches by working with the Federal Records Center to locate any responsive documents, and the Service had provided the plaintiffs with the only responsive documents that were located. The Service had also properly advised the plaintiffs that the majority of the requests sought records which were destroyed in accordance with the Service's record retention schedule, were nonexistent, or were never

3

filed with the Service. In addition, the District Court determined that summary judgment was proper on the plaintiffs' requests regarding K. Hovnanian's tax information. The plaintiffs had not obtained K. Hovnanian's consent to disclosure, and FOIA's segregation requirement did not apply because the documents sought were fully exempt from disclosure and did not contain any non-exempt information that the Service could segregate and disclose. In the margin, the court concluded that there was no need for a "Vaughn index." See Surgick v. Cirella, 2012 WL 1067923 (D.N.J. March 29, 2012).

Because the FOIA claim was dismissed, and there thus was no longer a federal question, the District Court, in addition, *sua sponte* declined to exercise supplemental jurisdiction over the plaintiffs' state law claims and dismissed them without prejudice, 28 U.S.C. § 1367(c)(3). However, because the plaintiffs were proceeding *pro se,* the District Court gave them one final opportunity to amend the complaint to allege a basis for diversity jurisdiction over defendants Cirella and Rose Zurgick.

Surgick and Cordelia Johnson's daughter Charlotte Surgick responded by filing an amended complaint, again claiming that Cirella and Rose Surgick denied them their rightful inheritance.[2] In an order entered on April 27, 2012, the District Court noted that ninety days had passed since the court was notified of Cordelia's death, and the issue whether Charlotte could be substituted under Fed. R. Civ. Pro. 25(a)(1) had not been properly addressed in a substitution motion. Accordingly, the court dismissed Cordelia's claims.[3] The District Court then signaled its intention to dismiss Surgick's amended

---

[2] Cordelia Surgick died in November, 2011.
[3] Rule 25(a)(1) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within

4

complaint against Cirella and Rose Surgick on the basis of the probate exception to federal court jurisdiction, see generally Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220 (3d Cir. 2008). Surgick was given one more extension of twenty days in which to properly plead a basis for federal court jurisdiction.

Surgick, in response, moved to withdraw her amended complaint against Cirella and Rose Surgick; she also filed a notice of appeal on May 14, 2012, seeking review of the District Court's March 29, 2012 order granting summary judgment to the Service. We dismissed the appeal on July 12, 2012 as premature, see C.A. No. 12-2409, because Cirella and Rose Surgick remained parties to the action and because the order appealed had not been certified by the District Court pursuant to Fed. R. Civ. Pro. 54(b). In an order entered on July 19, 2012, the District Court granted the motion to withdraw the amended complaint and finally dismissed the claims against Cirella and Rose Surgick, thereby bringing the case to a close. Surgick had sixty days from the date of this order in which to file a timely notice of appeal, see Fed. R. App. Pro. 4(a)(1)(B) (authorizing 60-day appeal period when United States is party). No notice of appeal was filed by September 17, 2012. Instead, she filed a notice of appeal on October 16, 2012.

Meanwhile, on August 28, 2012, Surgick filed a petition for panel rehearing in our court in her jurisdictionally defective appeal, see C.A. No. 12-2409, which we denied. But she also mailed a copy of her rehearing petition to the District Court, where it was treated as a notice of appeal and filed on August 30, 2012. It was forwarded to this Court, resulting in the instant appeal. Our Clerk granted Surgick leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28

90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

5

U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.

The Service has moved to dismiss the appeal for lack of jurisdiction, and K. Hovnanian Enterprises has submitted a letter joining in that motion. The Service argues that the notice of appeal filed on October 16, 2012 was not timely filed under appellate Rule 4, and the petition for rehearing which the Clerk of the District Court treated as a notice of appeal, although timely filed under Rule 4, should not be treated as a notice of appeal. In support, the Service argues that Surgick, although appearing *pro se*, is not an unsophisticated litigant. When the jurisdictional defect in the appeal docketed at C.A. No. 12-2409 was called to her attention, for example, she moved to withdraw the amended complaint against Cirella and Rose Surgick. Moreover, Surgick knows the proper format for a notice of appeal, having previously filed one. Surgick has filed a motion to strike, in which she argues, in effect, that we should exercise jurisdiction in the instant appeal.

Federal Rule of Appellate Procedure 3(c) provides that a notice of appeal specify the party taking the appeal, designate the order being appealed, and name the court to which the appeal is taken. Fed. R. App. Pro. 3(c)(1)(A)-(C). "Form 1 in the Appendix of Forms is a suggested notice of appeal." See id. at Rule 3(c)(5). Without a doubt, Surgick's petition for panel rehearing does not conform to Form 1, but if a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal. Smith v. Barry, 502 U.S. 244, 248 (1992). The requirements of Rule 3 are to be construed liberally, but "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." Id. In

6

Smith, the Supreme Court held that an inmate's informal brief, submitted in response to a briefing order, could qualify as a notice of appeal; the case was remanded to the appeals court.

Not surprisingly, Surgick's petition for panel rehearing which was filed on the District Court docket on August 30, 2012 as a notice of appeal references on page 1 Surgick's existing appeal to our Court (without identifying the specific court of appeals docket number), and indicates an intent to have review of the District Court's order of March 29, 2012. On the second page of the petition, Surgick notes that her case became appealable upon entry of the District Court's July 19, 2012 order dismissing the remaining claims against Cirella and Rose Surgick, and she notes that she "now" appeals the order of the District Court denying her claim against the Service for disclosure of records. Under these circumstances, we conclude that Rule 3(c)(1) is satisfied, and that we have jurisdiction, 28 U.S.C. § 1291.

We will summarily affirm the District Court's order granting summary judgment in favor of the Service and against Zeffie Surgick. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Summary judgment is appropriate where the moving party shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the initial burden is on the moving party to show the absence of a genuine issue of material fact, the burden on the moving party may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Thus, to withstand a properly supported motion for summary judgment, the

7

nonmoving party must identify specific facts and affirmative evidence that contradict that which is offered by the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). A party opposing summary judgment must do more than just rest upon mere allegations. See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

A District Court may order the production of documents pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), where (1) the requested documents are agency records; (2) the records have been withheld by the agency; and (3) the withholding was improper. See Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 974 (3d Cir. 1981). The agency has a duty to conduct a reasonable search for responsive records. See Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007). To establish for summary judgment purposes the adequacy of its search, the agency should provide a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

With respect to James Leslie Surgick and his estate, the plaintiffs sought tax returns and records for numerous years. Based on the record in this case, the Service established that it complied with its duty to conduct an adequate search of its Integrated Data Retrieval System and to turn over all responsive documents in its possession. Surgick failed to identify specific facts and affirmative evidence to contradict the evidence offered by the Service in support of its argument that its search was adequate and it was not improperly withholding documents. Thus, summary judgment was proper.

With respect to K. Hovnanian, the plaintiffs sought corporate tax returns and information concerning James Leslie Surgick's interests in the corporation. Pursuant to

8

FOIA exemption 3, 5 U.S.C. § 552(b)(3), and the tax code, 26 U.S.C § 6103(e)(1), the Service is prohibited from releasing K. Hovnanian's tax information to the plaintiffs without K. Hovnanian's consent, which the plaintiffs did not obtain. Section 6103(e)(1)(A)-(F) prohibits the disclosure of third-party tax return information, and subparagraph (b)(2) broadly defines "return information" to include a "taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over assessments, or tax payments …," id. at 6103(b)(2). Accordingly, summary judgment was proper here as well. FOIA's segregation requirement, 5 U.S.C. § 552(b) (unnumbered paragraph) (any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection"), is not applicable because the Service established that the information requested is exempt from disclosure, and established that there was no form of non-exempt information in the documents requested which the Service could segregate and legally disclose to the plaintiffs. See Church of Scientology v. Internal Revenue Serv., 484 U.S. 9, 16 (1987) ("Congress did not intend [section 6103] to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details."). A "Vaughn index," see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), was unnecessary because the information sought plainly was confidential taxpayer information.

For the foregoing reasons, the order of the District Court granting summary judgment to the Internal Revenue Service and against Zeffie Surgick on her FOIA claim is summarily affirmed. The Service's and K. Hovnanian's motions to dismiss for lack of

9

appellate jurisdiction are denied.  Surgick's motion to strike is denied as stated but has been considered as a jurisdictional response.